J-S19028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLAYTON MIBRODA | : | |
| | : | |
| Appellant | : | No. 1361 WDA 2020 |

Appeal from the PCRA Order Entered December 1, 2020
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0000783-2012

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                            **FILED: JULY 9, 2021**

Clayton Mibroda (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On December 27, 2011, the Commonwealth charged Appellant with criminal homicide for the death of his 20-day-old daughter.  Trial commenced on January 7, 2013, and on January 11, 2013, the jury convicted Appellant of third-degree murder.[1]  The trial court sentenced Appellant to 15 – 30 years of incarceration.  Appellant filed post-sentence motions, which the trial court denied.  Appellant timely appealed, and this Court affirmed his judgment of sentence.  ***See Commonwealth v. Mibroda***, 1529 WDA 2013 (Pa. Super.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(c).

July 29, 2014) (unpublished memorandum). Appellant did not seek allowance of appeal with the Pennsylvania Supreme Court.

On May 12, 2015, Appellant *pro se* filed the underlying timely PCRA petition. The PCRA court appointed counsel, who filed a ***Turner/Finley***[2] no-merit letter on November 25, 2015. The PCRA court issued notice of intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907 on January 22, 2016, and on February 8, 2016, Appellant filed a *pro se* response. Based on Appellant's response, the court scheduled an evidentiary hearing for April 22, 2016. On May 5, 2016, the court permitted PCRA counsel to withdraw, but "[i]n an effort to ensure that [Appellant's] interests were adequately represented," appointed new counsel, Appellant's second PCRA attorney, to review Appellant's petition for any issues of arguable merit. ***See*** PCRA Court Opinion, 12/1/20, at 3. On October 14, 2016, counsel filed a ***Turner/Finley*** no-merit letter, and following a hearing on October 28, 2016, the court granted the motion to withdraw. The PCRA court issued a second Rule 907 notice on November 4, 2016, and Appellant filed a *pro se* response on November 18, 2016.

On May 5, 2017, Appellant filed a *pro se* motion for leave to file a supplemental amendment to his petition, which the PCRA court granted. Appellant filed a *pro se* memorandum in support of his petition on March 9, 2018, and a *pro se* supplemental amendment to his petition on March 26,

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

2018, in which he raised a new claim of after-discovered evidence based on a letter he received from Brandon Green[3] in February 2018. Appellant attached Green's letter, in which Green alleged Kayla Lichtenfels contacted him through Facebook, and indicated "she needed to talk to [Green] about the death of [Appellant's daughter]." Supplemental Amendment to Petitioner's First Amended Petition, 3/26/18, at 1. Green further claimed that after arriving at Green's house, Lichtenfels told him the infant's death was "all an accident and [Appellant] told [police] he did it because he doesn't think [Lichtenfels] could handle prison." *Id.* According to Green, Lichtenfels told him "Appellant lied [to police] so [Lichtenfels] could be set free and live a life of freedom from unwanted parenting." *Id.* at 2.

On July 3, 2018, the court appointed another attorney, Appellant's third PCRA counsel, to review Appellant's claim of after-discovered evidence.[4] The PCRA court held evidentiary hearings on this claim on July 31, 2019 and August 21, 2020. On December 1, 2020, the PCRA court issued its order denying relief. Appellant timely appealed. The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement, and Appellant complied. On January 5, 2021, the PCRA court filed a Pa.R.A.P. 1925(a) opinion stating that its reasons for denying the petition were set forth in its order and opinion filed

---

[3] Brandon Green is the ex-boyfriend of Kayla Lichtenfels, the mother of Appellant's deceased daughter.

[4] A claim of after-discovered evidence within a timely post-conviction petition is distinct from the newly discovered fact exception to the PCRA's time-bar. *See Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017).

December 1, 2020, which the court "hereby incorporates . . . as the brief opinion in support of the Order of Court subject [to] the [Appellant's] appeal." PCRA Court Opinion, 1/5/21.

Appellant's sole issue on appeal is whether the PCRA court erred "as a matter of law in determining [Appellant] was not eligible for relief based upon after discovered evidence?" Appellant's Brief at 4.

It is well-settled in reviewing the PCRA court's dismissal of Appellant's petition, we examine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

With regard to a claim of after-discovered evidence, our Supreme Court has articulated the applicable test for judicial review:

> [There are] four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request for a new trial. As stated, the four-part test requires the petitioner to demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. The test applies with full force to claims arising under Section 9543(a)(2)(vi) of the PCRA. In addition, we have held the proposed new evidence must be producible and admissible.

*Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018) (citations omitted).

Likewise, in denying relief, the PCRA court explained:

Upon a careful review of the testimony presented during trial and the evidentiary hearings, the [c]ourt finds [Appellant] failed to establish[] sufficient evidence to satisfy each prong of the [after-discovered] evidence requirement . . . by a preponderance of the evidence. First, it is difficult to discern whether [Appellant] could have obtained this new evidence from Mr. Green at or prior to trial through reasonable diligence. Mr. Green's testimony at the evidentiary hearing reveals that he did inform the investigators as to some of the information contained in the letter he sent [Appellant] prior to trial. Although trial counsel's testimony revealed that he was familiar with Mr. Green and was aware that Mr. Green was in a relationship with Ms. Lichtenfels following the incident, trial counsel testified that he was not privy to the information contained in Mr. Green's letter and was informed by the private investigators that when they attempted to talk to Mr. Green, he would not talk to them. Second, the [c]ourt finds that the new evidence submitted by [Appellant] is corroborative to the evidence already presented at [Appellant's] trial. At trial, [Appellant] focused the blame solely on Ms. Lichtenfels, testifying that he saw Ms. Lichtenfels wrap her hands around the infant's head and violently shake her. [Appellant's] mother's testimony further bolstered [Appellant's] testimony and theory at trial. Third, the new evidence would be used solely to impeach Ms. Lichtenfels' credibility as Mr. Green's testimony at the evidentiary hearing directly contradicts her testimony at trial. Although Ms. Lichtenfels did not testify as to the circumstances surrounding the death of her daughter, Mr. Green's testimony would be admitted for purposes of identifying Ms. Lichtenfels as the perpetrator based on her alleged statement to Mr. Green following the incident.

Lastly, upon a review of all of the evidence presented, the [c]ourt is of the opinion that the new evidence would likely not compel a different verdict at trial, especially in light of the credibility concerns surrounding Mr. Green's testimony and the remote timing of the letter. After Ms. Lichtenfels' purported statements to him, Mr. Green elected not to contact the authorities, Defense Counsel, or [Appellant's] mother, waiting seven years to memorialize this information and send a letter to [Appellant]. Additionally, Mr. Green's credibility has been called into question as he has been convicted of multiple *crimen falsi* convictions, and

in February 2016 he pleaded guilty to aggravated assault for beating a six-year-old boy. During trial, the jury considered all of the evidence available to them and determined that there was sufficient evidence of [Appellant's] guilt beyond a reasonable doubt, albeit largely circumstantial. Following his conviction and judgment of sentence, two court-appointed attorneys independently reviewed the case and determined [Appellant's] PCRA to be without merit. As [Appellant] has failed to establish each prong of the four-part test, the [c]ourt finds [Appellant] is not entitled to relief pursuant to [after-discovered] evidence.

Opinion and Order of Court, 12/1/20, at 6-8.

The record supports the PCRA court's reasoning. Although Appellant asserts Green's letter is after-discovered evidence which warrants a new trial, the record supports the PCRA court's findings of fact, which in turn support the PCRA court's legal conclusion that Appellant failed to meet the four criteria necessary to succeed on a claim of after-discovered evidence. *Small, supra*. No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2021